**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-10<br><br>Plaintiffs,<br>v.<br><br>ALFRED SILVA, and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No.: 13-CV-00364<br><br>**ORDER RE MOTION TO REMAND**<br><br>**(Re: Docket No. 6)** |

On January 30, 2013, Defendant Alfred Silva ("Silva") removed this case from Santa Clara County Superior Court. Plaintiffs US Bank National Association, as Trustee for Bear Stearns Arm Trust, Mortgage Pass-Through Certificates Series 2005-10 ("Plaintiffs") brought an unlawful detainer action against Defendants in state court, and Defendants removed the case to federal court on the basis of presenting a defense or claims under The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. The parties have consented to magistrate jurisdiction.[1]

Federal courts are limited in their jurisdiction to either (1) diversity cases where citizens of two different states have a dispute involving an amount in controversy that exceeds $75,000 or (2)

---

[1] *See* Docket Nos. 7, 16; *see also* 28 U.S.C. § 636.

1

Case No.: 13-00364
ORDER

federal questions where the cause of action - not the defense - "arises under" federal law.[2] The parties have not alleged diversity, nor does the cause of action plead in the complaint – unlawful detainer – arise under federal law.  The court also notes that the Protecting Tenants at Foreclosure Act does not provide a cause of action for tenants.[3]

Defendant only argues that the case should be retained because he is planning to file another action, *Farah v. Wells Fargo*, which should be related to this case.  He argues *Farah v. Wells Fargo* will involve causes of action for fraud and deceptive business practices, which invoke a federal question.  But even if a relation could save an otherwise infirm claim, Defendant has provided no proof that such a case has been filed, and no motion to relate or consolidate has been made.  This court, therefore, lacks subject matter jurisdiction to hear the case.

Accordingly, the court hereby ORDERS that this case be remanded to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: March 15, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] *See* 28 U.S.C. § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

[3] *See Nativi v. Deutsche Bank National Trust Co.*, Case No. 09-6096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010).

Case No.: 13-00364
ORDER