United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ARM TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-10 ) ) ) ) ) | Case No.: 13-CV-00364 **AMENDED ORDER RE MOTION TO REMAND** |
| Plaintiffs, ) ) | **(Re: Docket No. 6)** |
| v. ) ) | |
| ALFRED SILVA, and DOES 1 to 10, Inclusive, ) ) | |
| Defendants. ) | |

On January 30, 2013, Defendant Alfred Silva ("Silva") removed this case from Santa Clara County Superior Court. Plaintiffs US Bank National Association, as Trustee for Bear Stearns Arm Trust, Mortgage Pass-Through Certificates Series 2005-10 ("Plaintiffs") brought an unlawful detainer action against Defendants in state court, and Defendants removed the case to federal court on the basis of presenting a defense or claims under The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. The parties have consented to magistrate jurisdiction.[1]

Federal courts are limited in their jurisdiction to either (1) diversity cases where citizens of two different states have a dispute involving an amount in controversy that exceeds $75,000 or (2)

_____

[1] *See* Docket Nos. 7, 16; *see also* 28 U.S.C. § 636.

1

Case No.: 13-00364
AMENDED ORDER

federal questions where the cause of action - not the defense - "arises under" federal law.[2]  The

parties have not alleged diversity, nor does the cause of action plead in the complaint – unlawful

detainer – arise under federal law.  The court also notes that the Protecting Tenants at Foreclosure

Act does not provide a cause of action for tenants.[3]

Defendant only argues that the case should be retained because he is planning to file

another action, *Farah v. Wells Fargo*, which should be related to this case.  Defendant argues

*Farah v. Wells Fargo* will involve causes of action for fraud and deceptive business practices,

invoking a federal question.

Originally, the court noted Defendant had not filed a motion to relate.  It has come to the

court's attention that a motion to relate was filed erroneously in *Farah v. Wells Fargo* but not the

present case.[1]  The motion to relate has now been correctly filed in the present case.  Even with this

information, however, the court reiterates that a motion to relate cannot confer subject matter

jurisdiction on an otherwise infirm claim.  A motion to relate is merely an administrative motion

that assigns cases involving the same or similar parties, property, transaction or events to the same

judge in the interests of judicial economy.[2]  As an administrative tool, relation cannot confer

subject matter jurisdiction.  This court therefore lacks subject matter jurisdiction to hear the case.

Accordingly, the court hereby ORDERS that this case be remanded to Santa Clara County

Superior Court.

---

[2] *See* 28 U.S.C. § 1331; *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

[3] *See Nativi v. Deutsche Bank National Trust Co.*, Case No. 09-6096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010).

[1] *See Farah v. Wells Fargo*, Case No. 13-1127 (N.D. Cal. Mar. 12, 2013).

[2] *See* Civ. Local Rule 3-12.

2

Case No.: 13-00364
AMENDED ORDER

**IT IS SO ORDERED.**

Dated: March 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 13-00364
AMENDED ORDER